# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 1 3 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION



| | |
|---|---|
| ALAVEN PHARMACEUTICAL, LLC,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRIGEN LABORATORIES, INC.,<br>a New Jersey corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action File No.:

**1 09-CV-1870**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, Alaven Pharmaceutical, LLC ("Alaven"), and complains against the Defendant, TriGen Laboratories, Inc. ("Trigen"), as follows:

## NATURE OF THE ACTION

1.      This is an action for Federal Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); Federal Unfair Competition and False Designation of Origin (i.e., Unlawful Trademark Use) under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Federal Unfair Competition and False Designation of Origin (i.e., Trade Dress Infringement) under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Georgia Common Law Trademark Infringement; Trademark Dilution, Trade Dress Dilution and Injury to Business Reputation under O.C.G.A.

1

§ 10-1-451(b); Deceptive Trade Practices under O.C.G.A. § 10-1-370 *et seq.*; Tortious Interference with Prospective Business and Economic Advantage under Georgia Common Law; and, Unfair Competition under O.C.G.A. § 23-2-55 and Georgia common law.

In this action, Plaintiff seeks preliminary and permanent equitable injunctive relief, compensatory or general damages, punitive or exemplary damages, attorneys' fees, expenses and costs.

## JURISDICTION

2.     This Court has subject matter jurisdiction over all causes of actions set forth herein based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and pursuant to the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.

3.     This Court has personal jurisdiction over the Defendant by virtue of, *inter alia*, the Defendant's (a) commission of tortious acts within the State of Georgia and within this Judicial District, and (b) regular and continuous transaction of business, including the tortious acts complained of herein, within the State of Georgia and within this Judicial District.

4.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

5.    Plaintiff Alaven is a Delaware limited liability company in good standing, and having its principal place of business at 200 North Cobb Parkway, Suite 428, Marietta, Georgia 30062.

6.    Defendant Trigen is a New Jersey corporation having a principal place of business at 2400 Main Street Extension, Suite 6, Sayreville, New Jersey 08872. Defendant Trigen may be served with process through its Registered Agent, Mike Hudy, at 104 Union Avenue (Rt 71), Manasquan, New Jersey 08736.

## THE CONTROVERSY

7.    Alaven is in the business of developing, manufacturing, marketing and selling brand prescription and non-prescription pharmaceutical drug products, dietary supplements, and vitamin compositions.

8.    In particular, Alaven markets and sells iron-containing medicaments designated under the "coined" trademarks of PreferaOB® (a brand-name prescription pharmaceutical) and Bifera$^{TM}$ (a brand-name non-prescription pharmaceutical).  These coined trademarks are the subject of a series of United States trademark registrations, and applications for trademark registration, including U.S. Registration Nos. 3,411,497; 3,439,501; and 3,471,689 (each for the

3

PreferaOB® trademark), and U.S. Application Serial Nos. 77/394,597; 77/779,124; and 77/779,121 (each for the Bifera™ trademark).

9.    In addition to the federal registrations identified, *supra*, Alaven's PreferaOB® and Bifera™ trademark properties enjoy significant common law rights and protection by virtue of their continuous use, in interstate commerce, on or in association with the respective iron-containing medicaments branded thereunder.

10.    Yet additionally, Alaven's line or *family* of iron drug products will soon include the BiferaRx™ and PreferaOB DHA™ branded iron-containing medicaments. These additional coined trademarks form the subject of yet further applications for trademark registration, including U.S. Application Serial No. 77/740,362 (for the BiferaRx™ trademark), and U.S. Application Serial Nos. 77/347,542 and 77/394,583 (each for the PreferaOB DHA™ trademark).

11.    As identified, *supra*, each of the foregoing Alaven trademark properties are "coined" marks, inasmuch as each constitutes a word not found within the approximation of the English language, or any other familiar language. As such, each of Alaven's coined marks is inherently distinctive. (Alaven is the owner of the entire right, title and interest, together with all associated goodwill, in and to these coined trademark properties.   True and accurate copies of the

4

foregoing identified federal registrations, and applications for trademark registration, are attached hereto as Exhibits A-I.).

12.    As shown within Exhibits A-I, Alaven's trademark properties comprise both standard character marks and stylized marks, and which stylized marks include the following:

Prefer@B®    **Bifera**™    Prefer@B

13.    Notably, each of Alaven's standard character marks and stylized marks share a similar phonetic structure and textual configuration.  Yet further, each of the stylized marks, *supra*, is characterized by, *inter alia*, (a) a common italicized font, (b) a common palette or family of colors -- i.e., purple, blue-green, and red-orange, (c) a common arrangement of colors, and (d) the highlighted or emphasized "*fe*" portion of the marks.

14.    In sum, the apparent uniformity in phonetics and appearance (e.g., textual configuration, color selection, color arrangement, font type, font style, etc.) attendant to each of Alaven's coined marks creates, *in toto*, a "family" of coined trademarks (hereinafter Alaven's "Trademark Family").

15.    Of course, the inter-relatedness of the several distinctive trademark attributes of Alaven's Trademark Family is <u>not</u> merely by coincidence.  Instead,

5

the birth of this Trademark Family was the result of Alaven's creative venture --
and manifestly the subject of substantial and careful investment of time, research,
effort and money -- the express purpose of which is to foster, within the relevant
consumer group, a commercial impression of relatedness, affiliation and common
source of origin between and/or amongst Alaven's iron-containing medicament
goods.

16.    In that regard, Alaven's PreferaOB® and Bifera™ stylized marks
appear, *in situ*, on Alaven's respective iron-containing medicament goods, as
follows (and as reproduced in Exhibits J and K, hereto):

 

17.    Quite evidently, and as the product depictions, *supra*, illustrate, the
common family of colors that so distinctively defines Alaven's PreferaOB® and
Bifera™ stylized marks (amongst others within Alaven's Trademark Family), is
further manifested in Alaven's distinctive product packaging.

18.    Specifically, the PreferaOB® and Bifera™ product packaging share a distinctive family trade dress (Alaven's "Trade Dress Family") that predominantly features the *family* color scheme of purple and blue-green.  In particular, the PreferaOB® iron drug product comprises a product label (affixed over a white, plastic, capped bottle), which product label comprises a substantially square-shaped purple region in which is disposed the stylized (and *family* colored) PreferaOB® mark, and under which purple region appears a blue-green banner.  Similarly, the Bifera™ iron drug product is packaged within a printed box subdivided into a purple-colored region and a blue-green region, and in which blue-green region is disposed the stylized (and *family* colored) Bifera™ mark.

19.    Here again, the uniformity and inter-relatedness of the distinctive trade dress attributes of Alaven's Trade Dress Family, as applied to Alaven's respective PreferaOB® and Bifera™ product packaging, was selected for the purpose of fostering, within the relevant consumer group, a commercial impression of relatedness, affiliation and common source of origin between and/or amongst Alaven's iron-containing medicament goods, and thus (b) to distinguish Alaven's iron-containing medicament goods from other competing goods.  As such, Alaven's Trade Dress Family is nonfunctional and inherently distinctive.

7

20.    But, and in addition to the inherent distinctiveness of Alaven's Trademark Family <u>and</u> Trade Dress Family, both *families* yet further serve as the repositories of immense secondary meaning.   Specifically, the PreferaOB® and Bifera™ *members* (of Alaven's Trademark Family and Trade Dress Family) have been the subject of massive distinctiveness, which is based on: (a) several hundred thousand dollars in product research, development, and market launch; (b) several million dollars in ongoing product promotion and advertising (e.g., via print ads, trade ads, branding and packaging, consumer couponing, market research, professional conventions, public relations, sales support materials, product samples, website utilities, and professional relations); (c) a sales force active with many several thousand physician offices and pharmacies; and (d) several million dollars in revenue.

21.    As a result of Alaven's significant investment of resources in its Trademark Family and Trade Dress Family, Alaven's PreferaOB® and Bifera™ branded goods have come to be known by the purchasing Public as products of the highest quality.   As such, Alaven's Trademark Family and Trade Dress Family, and in particular Alaven's PreferaOB® and Bifera™ trademark properties, together with the enormous goodwill associated therewith, are exceedingly strong and of inestimable value to Alaven.

8

22.    Defendant Trigen is a purveyor of generic pharmaceutical drug products.

23.    In June of 2009, Alaven learned that the Defendant had publicly advertised and listed, for prospective market introduction and sale, a *generic* (i.e., an identical and directly competing) version of Alaven's *brand* PreferaOB® iron-containing medicament, and which generic was to be denominated under the mark TriferaOB.

24.    In or around the last week of June 2009, or in or around the first week of July 2009, the Defendant entered the market with its TriferaOB generic product. A true and accurate depiction of the TriferaOB product is, as follows (and as reproduced in Exhibit L, hereto):



25.    Quite obviously, and as the above depiction does demonstrate, the Defendant's TriferaOB mark and product packaging represents an unabashed and wholesale misappropriation of **all** the distinctive attributes comprising Alaven's Trademark Family and Trade Dress Family.

26.    Unquestionably, the Defendant's offending TriferaOB mark is phonetically similar to Alaven's PreferaOB® (and Bifera™) mark, in general pronunciation, and in specific syllabic enunciation.  In that regard, the TriferaOB mark has no meaning within any approximation of the English language (or other familiar language) that might otherwise distinguish the Parties' competing marks, or lead the relevant consumer group to associate the Parties' competing marks with distinct products.

27.    Moreover, the offending TriferaOB mark is nearly identical in appearance to Alaven's PreferaOB® (and Bifera™) mark.  Specifically, and in addition to the rather apparent similarities in textual configuration, the stylized TriferaOB mark is presented (a) in a font type and style (i.e., italics) identical to that of Alaven's PreferaOB® (and Bifera™) mark, with (b) a similar emphasis placed on the "*fe*" portion of the offending mark, via use of the identical blue-green color used in Alaven's stylized PreferaOB® mark.

10

28.    The Defendant's larcenous intent is yet further exposed upon even a cursory examination of the Defendant's offending product trade dress. Indisputably, the Defendant's product packaging -- which hijacks, *in toto*, Alaven's *family* color scheme of purple and blue-green -- is a shameless, overt and slavish copy of at least Alaven's PreferaOB® product packaging.    Specifically, the offending TriferaOB product packaging comprises a product label (affixed over a white, plastic, capped bottle), which product label comprises a substantially square-shaped purple region in which is disposed the stylized TiferaOB® mark, and under which purple region appears a blue-green banner.  In sum, the Defendant *lifted* Alaven's trade dress in its entirety.

29.    Yet further, and in addition to the offending stylized TriferaOB mark, the Defendant has adopted the equally offensive standard character variant of the TriferaOB mark. (*See,* Exhibit M hereto, package insert from the TriferaOB product, showing the mark used in the equally offending dual-word format of "Trifera OB").

30.    Taken as a whole, the Defendant intentionally selected a confusingly similar mark, both in sound, content and appearance, together with a confusingly similar trade dress, for the express purpose of creating, within the relevant consumer group, an improper commercial impression of relatedness, sponsorship,

11

affiliation and/or common source of origin between (a) Alaven's PreferaOB®
and/or Bifera™ iron-containing medicament goods, on the one hand, and (b) the
Defendant's identical and directly competing TriferaOB iron-containing
medicament goods, on the other hand. The Defendant's illicit conduct is exposed
as a rather obvious attempt to misappropriate and trade off the immense goodwill
associated with Alaven's Trademark Family and Trade Dress Family.

31.    Manifestly, the Defendant could have selected *any* other (non-
confusing) mark, and *any* other (non-confusing) trade dress, for use on or in
connection with its iron-containing medicament goods. However, and recognizing
the *not* insignificant cost of having to "start from scratch", the Defendant simply
opted to (a) capitalize on Alaven's substantial investment of time, money and
resources, and thus (b) engaged in the unmitigated and designed infringement of
Alaven's rights, for the express purpose of (c) defrauding the Public and (d) taking
from Alaven the fair earnings of its skill, labor and enterprise. In sum, the
Defendant has sought to reap where it has not sewn.

32.    The Defendant's offending TriferaOB mark and trade dress so
resembles Alaven's PreferaOB® and Bifera™ marks and trade dress(es), as to be
likely to cause confusion, to cause mistake, or to deceive -- and, especially so,
given that the Parties' respective goods are directly competing and are marketed

12

and sold to identical audiences. Indeed, and as a result of the Defendant's illicit taking, the Defendant's offending TriferaOB product evokes the same total overall impression of, and thus could easily be seen as a natural brand extension to, Alaven's *family* of iron-containing medicaments.

33. The Defendant's offending TriferaOB mark and trade dress is likely to cause confusion, or to cause mistake, or to deceive, as to affiliation, connection, sponsorship or association of the Defendant, and the Defendant's product, with the Plaintiff Alaven and its products. In that regard, the relevant consumer group seeking to purchase Alaven's products will likely believe that Alaven sponsors, licenses, endorses, or is in someway affiliated with, the Defendant or its product, or that the Parties' respective goods derive from the same source of origin. Thus, this relevant consumer group will likely purchase the Defendant's product mistakenly believing they have actually purchased Alaven's products, or an Alaven authorized product. Accordingly, the Defendant's infringing and confusingly similar TriferaOB mark and trade dress impairs the significant trust and immense goodwill that consumers place in Alaven's PreferaOB® and Bifera™ iron-containing medicaments, thereby resulting in significant harm to Alaven and its trademark and trade dress properties.

13

34.    The Defendant's use of the infringing and confusingly similar TriferaOB mark and trade dress falsely indicates to the purchasing Public that the Defendant's product originates with, or is affiliated, connected or associated with, or is in some manner related to, the Plaintiff Alaven and/or Alaven's PreferaOB® and Bifera™ branded goods.

35.    The Defendant's use of the infringing and confusingly similar TriferaOB mark and trade dress enables the Defendant to trade on, and receive the benefit of, the immense goodwill associated with Alaven's Trademark and Trade Dress Families, and in particular the PreferaOB® and Bifera™ properties thereof, and which goodwill has been developed through great labor and continuing substantial expense to Alaven. The Defendant's illicit use also enables it to gain acceptance for its own product, and not at all on its own merits, and thus to the unlawful and unfair profit of the Defendant, and to the monetary and other material damage to Alaven.

36.    The Defendant's use of the infringing and confusingly similar TriferaOB mark and trade dress dilutes, tarnishes and whittles away the distinctive qualities of (at least) Alaven's PreferaOB® and Bifera™ trademark and trade dress properties, and thus lessens their ability to function as source indicators.

37.   The Defendant's use of the infringing and confusingly similar TriferaOB mark and trade dress deprives Plaintiff Alaven of the ability to control the nature and quality of products provided under the offending TriferaOB mark and trade dress, and thus places the valuable reputation and goodwill of (at least) Alaven's PreferaOB® and Bifera™ trademark and trade dress properties in the hands of the Defendant, over whom Plaintiff Alaven has no control.

38.   The Defendant's use of the confusingly similar TriferaOB mark and trade dress is without the consent, sponsorship or authorization of, or authorized affiliation with, Alaven.

39.   The Defendant has marketed, sold and distributed its TriferaOB labeled goods through interstate commerce, including within this Judicial District, and has done so with actual and constructive knowledge of Alaven's prior use and senior status of Alaven's PreferaOB® and Bifera™ trademark and trade dress properties.

40.   As a result of Defendant's above-identified illicit activities, Plaintiff Alaven has been, or is likely to be injured, either by direct diversion of sales away from Alaven and to the Defendant, or by a lessening of the goodwill associated with (at least) Alaven's PreferaOB® and Bifera™ trademark and trade dress properties.

15

41.    As a result of the Defendant's conduct, Alaven has suffered and will continue to suffer damage to its business, reputation, and immense goodwill attendant to Alaven's Trademark and Trade Dress Families, and in particular the PreferaOB® and Bifera™ properties thereof.

42.    The Defendant's conduct and acts, as alleged above, have caused Alaven irreparable injury, and such conduct will continue to the irreparable harm of Alaven unless enjoined by this Court.

43.    The Defendant's conduct has caused Alaven monetary harm, and other damages in an amount to be proven at trial.

44.    The Defendant's conduct is intentional, malicious, willful, and wanton. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117 *et seq*.

## COUNT I
### Federal Trademark Infringement
### Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

45.    Paragraphs 1-44 are realleged and incorporated herein by reference.

46.    This cause of action arises under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47.    Alaven is the owner of the entire right, title and interest in and to the PreferaOB® trademark, together with the federal registrations therefor (i.e., U.S.

16

Registration Nos. 3,411,497; 3,439,501; and 3,471,689), and which registrations are valid, and in full force and effect, under the United States Trademark Law.

48.    By virtue of Alaven's federal registrations with the United States Patent and Trademark Office, the PreferaOB® trademark is entitled to protection under the Trademark Act, 15 U.S.C. §§ 1051, *et seq.*

49.    The Defendant adopted the confusingly similar TriferaOB mark being fully aware of the Plaintiff Alaven's senior and exceedingly strong PreferaOB® mark, and thus with the intention of misappropriating the immense goodwill associated therewith. Accordingly, the Defendant's conduct, as alleged herein, has been intentional and willful.

50.    The Defendant's use of the confusingly similar TriferaOB mark falsely describes and represents that the Defendant, and its offending product, is affiliated, connected or associated with, or is in some manner related to, the Plaintiff Alaven's PreferaOB® branded goods.

51.    The Defendant has and continues to use the infringing TriferaOB mark (a) to cause confusion or mistake or deception among members of the purchasing Public as to the true origin, source, sponsorship or affiliation of the Defendant's product, in order (b) to trade upon the fine reputation and enormous goodwill associated with Alaven's PreferaOB® mark, (c) to the unlawful and

unfair profit of the Defendant, and (d) to the monetary and other material damage to Alaven. Alaven has been irreparably damaged by the Defendant's continued use of the infringing and confusingly similar TriferaOB mark.

52.    The Defendant's acts, as set forth above, violate the Plaintiff Alaven's rights in and to its registered PreferaOB® trademark, and thus constitute trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

53.    The Defendant will, if not enjoined by this Court, continue its acts of trademark infringement as set forth above, and which acts have caused and will continue to cause the Plaintiff Alaven immediate and irreparable harm. Pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65(a), the Plaintiff Alaven is entitled to an Order of this Court preliminarily, and thereafter permanently, enjoining the Defendant and the Defendant's unlawful activities. The Plaintiff Alaven has no adequate remedy at law.

54.    The Defendant's acts of federal trademark infringement have further caused the Plaintiff Alaven to sustain monetary damages, loss, and injury in an amount to be determined at the trial of this action.

55.    The Defendant's unlawful activities justify the award to Plaintiff of Plaintiff's reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court.

56.　　The Defendant's unlawful activities further justify the trebling of any and all damages awarded to Plaintiff Alaven hereunder, pursuant to 15 U.S.C. § 1117.

**COUNT II**
**Federal Unfair Competition and False Designation of Origin**
**(i.e., Unauthorized Trademark Use)**
**Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

57.　　Paragraphs 1-56 are realleged and incorporated herein by reference.

58.　　This cause of action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.　　Through its use of the intentionally confusingly similar TriferaOB mark, the Defendant has sought to willfully misappropriate and trade off the immense strength and goodwill associated with Alaven's (senior) PreferaOB® and Bifera™ trademarks.

60.　　The Defendant's use of the offending TriferaOB mark (1) is likely to cause mistake, confusion or deception as to (a) the affiliation, connection, or association of the Defendant, and its offending product, with the Plaintiff Alaven's PreferaOB® and Bifera™ branded products, and/or (b) the origin, sponsorship, or approval of the Defendant's product and commercial activities by Alaven, and (2) misrepresents the nature, characteristics, and qualities of the Defendant's product.

61.    Accordingly, the Defendant's illicit and offending use of the TriferaOB mark constitutes unfair competition, false designation of origin, and palming off, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.    Plaintiff Alaven is without an adequate remedy at law because the Defendant's acts as set forth herein have caused great and irreparable damage to Plaintiff Alaven, presently cause great and irreparable damage to Plaintiff, and will continue to damage Plaintiff Alaven unless restrained by this Court.

63.    The Defendant's acts of federal unfair competition, false designation of origin, and palming off, have further caused Plaintiff to sustain monetary damages, loss, and injury in an amount to be determined at the trial of this action.

64.    The Defendant's unlawful activities justify the award to Plaintiff of Plaintiff's reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court.

65.    The Defendant's unlawful activities further justify the trebling of any and all damages awarded to Plaintiff Alaven hereunder, pursuant to 15 U.S.C. § 1117.

66.    Plaintiff Alaven is entitled to a preliminary, and thereafter permanent, injunction prohibiting the Defendant from continuing its unlawful acts alleged hereinabove.

## COUNT III
## Federal Unfair Competition and False Designation of Origin
## (i.e., Trade Dress Infringement)
## Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

67.    Paragraphs 1-66 are realleged and incorporated herein by reference.

68.    This cause of action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.    The Defendant's use of the offending TriferaOB trade dress (1) is likely to cause mistake, confusion or deception as to (a) the affiliation, connection, or association of the Defendant, and its offending product, with the Plaintiff Alaven's PreferaOB® and Bifera™ branded products, and/or (b) the origin, sponsorship, or approval of the Defendant's product and commercial activities by Alaven, and (2) misrepresents the nature, characteristics, and qualities of the Defendant's product.

70.    Accordingly, the Defendant's use of the offending TriferaOB trade dress constitutes unfair competition, false designation of origin, and palming off, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21

71.    Plaintiff Alaven is without an adequate remedy at law because the Defendant's acts as set forth herein have caused great and irreparable damage to Plaintiff Alaven, presently cause great and irreparable damage to Plaintiff, and will continue to damage Plaintiff Alaven unless restrained by this Court.

72.    The Defendant's acts of federal unfair competition, false designation of origin, and palming off, have further caused Plaintiff to sustain monetary damages, loss, and injury in an amount to be determined at the trial of this action.

73.    The Defendant's unlawful activities justify the award to Plaintiff of Plaintiff's reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court.

74.    The Defendant's unlawful activities further justify the trebling of any and all damages awarded to Plaintiff Alaven hereunder, pursuant to 15 U.S.C. § 1117.

75.    Plaintiff Alaven is entitled to a preliminary, and thereafter permanent, injunction prohibiting the Defendant from continuing its unlawful acts alleged hereinabove.

## COUNT IV
## Common Law Trademark Infringement

76.    Paragraphs 1-75 are realleged and incorporated herein by reference.

77.    As a result of the continuous, widespread and extensive use of the PreferaOB® and Bifera™ trademarks, together with the substantial (and ongoing) investment of resources in the marketing, promotion and sales activities of the PreferaOB® and Bifera™ branded products, Alaven's PreferaOB® and Bifera™ trademarks are exceedingly strong marks, and have thus engendered significant goodwill and a favorable reputation among the relevant Public.    Accordingly, Alaven's PreferaOB® and Bifera™ trademarks are the subject of significant common law trademark rights.

78.    The unauthorized use by the Defendant of the infringing and confusingly similar TriferaOB mark on identical goods:

(a)    is likely to cause confusion, mistake, or deception;

(b)    will lead others to believe that the Defendant's product is connected, affiliated or associated with, or otherwise related to, the Plaintiff Alaven's PreferaOB® and/or Bifera™ branded products;

(c)    constitutes a reproduction, counterfeit, copy, or colorable imitation of the Plaintiff Alaven's PreferaOB® and Bifera™ trademarks and, as such, is likely to cause confusion, mistake, or deception.

79.     The aforementioned acts of the Defendant have been committed with knowledge that such imitations are causing confusion, or likely to cause confusion, mistake or deceit.

80.     The Defendant will, if not preliminary and permanently enjoined by the Court, continue its acts of common law trademark infringement as set forth above, thereby deceiving the Public, trading on the goodwill established in Alaven's PreferaOB® and Bifera[TM] trademarks, and causing Alaven immediate and irreparable harm, damage and injury. Alaven is entitled to an Order of this Court enjoining the Defendant and the Defendant's unlawful activities.   The Plaintiff Alaven has no adequate remedy at law.

### COUNT V
#### Trademark Dilution, Trade Dress Dilution and Injury to Business Reputation Under O.C.G.A. § 10-1-451(b)

81.     Paragraphs 1-80 are realleged and incorporated herein by reference.

82.     The Defendant's use of the infringing and confusingly similar TriferaOB mark and trade dress has caused and continues to cause irreparable injury to Plaintiff Alaven's business reputation, and dilutes the distinctive qualities of (at least) Alaven's PreferaOB® and Bifera[TM] trademark and trade dress properties.

24

83.    The illicit conduct of the Defendant (a) constitutes trademark dilution, trade dress dilution, and injury to business reputation, all in violation of O.C.G.A. § 10-1-451(b), and (b) has caused and will continue to cause irreparable injury to the Plaintiff Alaven unless and until the Defendant is preliminarily and permanently enjoined by the Court.  The Plaintiff Alaven has no adequate remedy at law.

**COUNT VI**
**Deceptive Trade Practices**
**Under O.C.G.A. § 10-1-370 et seq.**

84.    Paragraphs 1-83 are realleged and incorporated herein by reference.

85.    This cause of action arises under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 et seq.

86.    By the actions herein alleged, the Defendant has violated and continues to violate the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 et seq., by (1) causing mistake, confusion or deception as to (a) the affiliation, connection, or association of the Defendant, and its offending product, with the Plaintiff Alaven and its PreferaOB® and Bifera™ branded products, and/or (b) the origin, sponsorship, or approval of the Defendant's product and commercial activities by Alaven; and (2) misrepresenting the nature, characteristics, and qualities of the Defendant's product.

87.    The Defendant's deceptive trade practices have caused and are continuing to cause substantial injury to Alaven, Alaven's customers and potential customers, and by reason of the foregoing, Alaven is entitled to injunctive relief, as provided under O.C.G.A. § 10-1-373(a), against the Defendant's deceptive trade practices, and under the principles of equity and on terms that this Court considers reasonable.  Plaintiff Alaven is further entitled to attorney's fees, awarded in this Court's discretion, for the Defendant's willful engagement in said deceptive trade practices.

### COUNT VII
### Tortious Interference with
### Prospective Business and Economic Advantage
### Under Georgia Common Law

88.    Paragraphs 1-87 are realleged and incorporated herein by reference.

89.    The Defendant's illicit use of the infringing and confusingly similar TriferaOB mark and trade dress is intended and designed to disrupt Alaven's prospective business and economic advantage (a) by causing confusion or mistake or deception among members of the purchasing Public as to the true origin, source, sponsorship or affiliation of the Defendant's product, in order (b) to trade upon the fine reputation and enormous goodwill associated with Alaven's PreferaOB® mark, (c) to the unlawful and unfair profit of the Defendant, and (d) to the monetary and other material damage to Alaven.

90.    The Defendant has no legal right, privilege or justification for its conduct.

91.    As a direct and proximate result of the Defendant's intentional interference with Alaven's prospective business and economic advantage, Alaven has suffered, and will continue to suffer monetary damages and irreparable injuries.

92.    Based on the intentional, willful and malicious nature of the Defendant's actions, Plaintiff Alaven is entitled to recover exemplary or punitive damages, together with its reasonable attorneys' fees and costs incurred in this action.

### COUNT VIII
### Unfair Competition Under O.C.G.A. § 23-2-55
### and Georgia Common Law

93.    Paragraphs 1-92 are realleged and incorporated herein by reference.

94.    This cause of action is to remedy acts of unfair competition under the common law of the State of Georgia and state law unfair competition under O.C.G.A § 23-2-55.

95.    The Defendant's unlawful activities are likely to cause confusion between the Defendant, and/or its offending product, and Alaven and/or its products, as well as infringe the valuable intellectual property rights attendant to

27

(at least) Alaven's PreferaOB® and Bifera™ trademark and trade dress properties.

96.    The Defendant's activities also constitute unfair competition with Alaven by creating a likelihood of confusion as to the source or sponsorship of the Defendant's offending products, and by further misappropriating and trading upon the fine reputation and immense goodwill associated with (at least) Alaven's PreferaOB® and Bifera™ trademark and trade dress properties.

97.    The Defendant's unlawful activities constitute unfair competition as proscribed by Georgia common law and under O.C.G.A § 23-2-55.

98.    The Defendant's acts of unfair competition have caused Plaintiff Alaven to sustain monetary damages, loss and injury in an amount to be determined at the time of trial.

99.    Upon information and belief, the Defendant has engaged and continues to engage in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against the Defendant, and in an amount to be determined at the time of trial.

100.    The Defendant's acts of unfair competition, unless enjoined by this Court, will continue to cause Plaintiff Alaven to sustain irreparable damage, loss and injury, for which Plaintiff Alaven has no adequate remedy at law.

28

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alaven prays:

101. The Defendant be held liable under each count set forth in this Complaint, and that Plaintiff receive all such relief (injunctive, monetary, or otherwise) sought thereunder;

102. As pled hereinabove, Plaintiff Alaven further prays that it be granted a preliminary injunction, and thereafter permanent injunction, prohibiting the Defendant from continuing its unlawful acts, as pled hereinabove;

103. Plaintiff Alaven further prays that the Defendant, the Defendant's agents, servants, employees, affiliates, partners, and attorneys, and all other persons in active concert or participation with the Defendant, be enjoined from using the infringing and confusingly similar TriferaOB mark (however spelled or punctuated, whether capitalized, abbreviated, singular or plural, printed or stylized, whether as one word or more, whether used alone or in combination with any word(s), punctuated or symbol(s), and whether used in caption, text, orally or otherwise), or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation thereof and of Plaintiff Alaven's PreferaOB® and Bifera™ trademarks, as a trade name, as a trademark or service mark, as a domain

name, or in the offering, advertising, distribution, sale, or offering for sale of the Defendant's products, or otherwise;

104.   Plaintiff Alaven further prays that the Defendant, the Defendant's agents, servants, employees, and attorneys, and all other persons in active concert or participation with the Defendant, be enjoined from using the offending trade dress, or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation thereof and of Plaintiff's Trade Dress Family, in any manner or capacity, in whole or in part, and whether in the offering, advertising, distribution, sale, or offering for sale of the Defendant's products, or otherwise;

105.   As pled hereinabove, Plaintiff Alaven further prays that the Defendant be required to pay to Plaintiff Alaven all damages and costs Plaintiff Alaven has suffered by reason of the Defendant's unlawful acts set forth herein, together with legal interest from the date of accrual thereof;

106.   Plaintiff Alaven further prays that the Defendant be required to account for and pay to Plaintiff Alaven all monies wrongfully derived by the Defendant through its unlawful acts set forth herein, together with legal interest from the date of accrual thereof;

107.   Plaintiff Alaven further prays that the Defendant be required to pay to Plaintiff Alaven its reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court;

108.   Plaintiff Alaven further prays that the Defendant be required to pay to Plaintiff Alaven treble damages pursuant to 15 U.S.C. § 1117;

109.   Plaintiff Alaven further prays that the Defendant be required to pay to Plaintiff Alaven punitive damages in an amount to be determined by this Court for the Defendant's deliberate and willful acts, as pled hereinabove;

110.   Plaintiff Alaven further prays that the Defendant be required to pay to Plaintiff Alaven actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action;

111.   The Defendant be ordered to deliver up for destruction its products, product labels, product packaging, product inserts, printed materials, signs, forms, advertisements, promotional literature, and other representations, bearing the infringing and confusingly similar TriferaOB mark and/or trade dress thereon, and to further obliterate, destroy or remove all other uses of the infringing TriferaOB mark and trade dress;

112.   The Defendant be directed to file with this Court, and serve on Plaintiff Alaven's counsel no later than thirty (30) days after the issuance of an

injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction;

113.　The Defendant be required to pay all of Plaintiff Alaven's monetary damages to be used for corrective advertising to be conducted by Plaintiff Alaven;

114.　Plaintiff Alaven have and recover its costs in this suit, including reasonable attorneys' fees and expenses;

115.　That this Court find the actions of the Defendant, under any or all applicable Counts pled herein, to have been conducted in bad faith, to constitute stubborn litigiousness and/or to have put Plaintiff Alaven to unnecessary trouble and expense, such that Plaintiff Alaven is entitled to recover from the Defendant for Plaintiff Alaven's cost of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11; and,

116.　Plaintiff Alaven further prays that it be awarded such other and further relief as this Court deems just and equitable.


## <u>REQUEST FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Alaven hereby demands a trial by jury as to all issues so triable.

Respectfully submitted this _13th_ day of July, 2009.

Ashish D. Patel
Georgia Bar No. 565894
Robert M. Ward
Georgia Bar No. 775401

Kaplan Ward & Patel, LLC
Cumberland Center II, Suite 1400
3100 Cumberland Boulevard
Atlanta, Georgia 30339
(770) 541-7444
(770) 541-7448
Email: apatel@mkiplaw.com
       rward@mkiplaw.com