# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALAVEN PHARMACEUTICAL, LLC, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>TRIGEN LABORATORIES, INC., a New Jersey corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action File No.:<br>) 1:09-cv-1870<br>)<br>)<br>)<br>)<br>) |

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

This civil action having come on before the Court between the above-referenced Plaintiff ("Alaven") and the above-referenced Defendant ("TriGen"), and the Court being advised that the Parties have resolved and settled their differences in, and have agreed to the termination of, this civil action in accordance with a Settlement Agreement and this Final Judgment and Permanent Injunction on Consent and the entry thereof;

**NOW, THEREFORE,** upon the consent of the Parties hereto, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. This Court has jurisdiction over the subject matter of this action, and the named Parties herein.

2. The term "Alaven's Trademark Family" shall include one or more of (a) the PreferaOB® trademark(s) under U.S. Registration Nos. 3,411,497; 3,439,501; and 3,471,689; (b) the Bifera® trademark under U.S. Registration No. 3,661,656; (c) the Bifera™ trademark(s) under U.S. Application Serial Nos. 77/779,124 and 77/779,121; (d) state and/or common law rights in and to any one or more of the PreferaOB®, Bifera®, and Bifera™ trademark(s); and wherein (e) any one or more of the trademark properties within Alaven's Trademark Family may be characterized by any one or more of (1) a common font type, (2) a common font style, (3) the colors purple, blue-green, and/or red-orange, (4) a common arrangement of the colors purple, blue-green, and/or red-orange, and (5) the highlighted or emphasized "*fe*" portion attendant to each of the trademark properties within Alaven's Trademark Family.

3. The term "Alaven's Trade Dress Family" shall include the product configuration and/or product packaging characterized by one or more of the colors purple, blue-green, and/or red-orange, and which product configuration and/or product packaging may be used in connection with at

least the goods branded under any one or more of the trademark properties within Alaven's Trademark Family.

4. The term "Accused Trademark" shall mean either of the standard character or stylized TriferaOB mark(s), as used on or in connection with TriGen's TriferaOB product, and/or any other prescription, non-prescription (i.e., over-the-counter), or retail, medicament(s), dietary supplement(s), nutritional supplement(s), vitamin composition(s), or consumable(s), whether iron-containing or otherwise.

5. The term "Accused Trade Dress" shall mean the product packaging as used on or in connection with TriGen's TriferaOB product, and/or any other prescription, non-prescription (i.e., over-the-counter), or retail, medicament(s), dietary supplement(s), nutritional supplement(s), vitamin composition(s), or consumable(s), whether iron-containing or otherwise.

6. The term "Subject Goods" shall mean TriGen's TriferaOB product, and/or any other prescription, non-prescription (i.e., over-the-counter), or retail, medicament(s), dietary supplement(s), nutritional supplement(s), vitamin composition(s), or consumable(s), whether iron-containing or otherwise.

7. TriGen acknowledges, and agrees not to challenge or otherwise contest at any time or in any forum or via any proceeding, Alaven's sole ownership of the entire right, title, interest, and goodwill in and to Alaven's Trademark Family and Alaven's Trade Dress Family.

8. TriGen acknowledges, and agrees not to challenge or otherwise contest at any time or in any forum or via any proceeding, Alaven's (a) exclusive right to control the quality of products denominated under Alaven's Trademark Family and/or Alaven's Trade Dress Family, and (b) Alaven's exclusive right to use Alaven's Trademark Family and Alaven's Trade Dress Family in the United States and throughout the World.

9. TriGen acknowledges, and agrees not to challenge or otherwise contest at any time or in any forum or via any proceeding, that TriGen's use of either the Accused Trademark and/or the Accused Trade Dress, whether directly or indirectly, would infringe Alaven's Trademark Family and/or Alaven's Trade Dress Family, respectively.

10. Trigen acknowledges, and agrees not to challenge or otherwise contest at any time or in any forum or via any proceeding, the validity, the enforceability, and the infringement of Alaven's Trademark Family and Alaven's Trade Dress Family.

11.     TriGen is hereby permanently enjoined and restrained from using in any manner or capacity, in whole or in part, and whether on or in connection with, or in the offering, advertising, distribution, sale, or offering for sale of, the Subject Goods, or otherwise: (a) the Accused Trademark (however spelled or punctuated, whether capitalized, abbreviated, singular or plural, printed or stylized, whether as one word or more, whether used alone or in combination with any word(s), punctuated or symbol(s), and whether used in caption, text, orally or otherwise), and/or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation thereof, (b) the Accused Trade Dress, and/or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation thereof, and (c) Alaven's Trademark Family, Alaven's Trade Dress Family, and/or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation thereof.

12.     This Final Judgment and Permanent Injunction on Consent shall be binding upon all of Parties hereto and any of their respective divisions, departments, subsidiaries, parents, affiliates, partners, successors-in-interest, officers, directors, shareholders, employees, managing agents, agents, representatives, and any other persons or entities purporting to act on

behalf of or in concert with any of the above-referenced individuals or entities or any of the entities' divisions, departments, subsidiaries, branches, or successors-in-interest.

13.   The Complaint is hereby dismissed with prejudice.

14.   This Court shall retain jurisdiction over the parties for the purposes of enforcing the Settlement Agreement and this Final Judgment and Permanent Injunction on Consent.

*Signatures follow:*

The foregoing Final Judgment and Permanent Injunction on Consent is consented to as to form:

Date: **August 18**, 2009          By: _____
                                        Ashish D. Patel
                                        (Georgia Bar No. 565894)

Kaplan Ward & Patel, LLC
Cumberland Center II
3100 Cumberland Boulevard
Suite 1400
Atlanta, Georgia 30339

Attorneys for Alaven Pharmaceutical, LLC


Date: **August 18**, 2009          By: _____
                                        John Maldjian, Esq.
                                        (New Jersey Bar No. 019661995)

Maldjian & Fallon, LLC
Intellectual Property Counsel
365 Broad St., 3rd Fl.
Red Bank, New Jersey 07701

Attorneys for TriGen Laboratories, Inc.

The foregoing Consent Decree is hereby consented to and agreed to:

**ALAVEN PHARMACEUTICAL, LLC**

By: _____
Bala Venkataraman
Title: President

**TRIGEN LABORATORIES, INC.**

By: _____
Steven Squashic
Title: President

**IT IS SO ORDERED** this <u>24th</u>day of <u>August          </u>, 2009.

<u>  /s/Thomas W. Thrash              </u>
**The Honorable Thomas W. Thrash, Jr.
United States District Court Judge**